UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JULIE A.GRAVES,

                          Plaintiff,

v.                                              Civil Action No. _____

CENTRAL CREDIT SERVICES, INC., and
EQUABLE ASCENT FINANCIAL, LLC
F/K/A HILCO RECEIVABLES, LLC.

                          Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Julie A. Graves is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Central Credit Services, Inc., (hereinafter "Central") is a foreign business corporation organized and existing under the laws of the State of Florida and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant Equable Ascent Financial, LLC, (hereinafter "EAF"), formerly know as Hilco Receivables, LLC, is a foreign business corporation organized and existing under the

laws of the State of Delaware and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. That at all times relevant herein, Defendant Central acted as agent for Defendant EAF and acted within the scope of their agency.

8. Defendants, and each of them, regularly attempt to collect debts alleged to be due another.

9. The acts of the Defendants, and each of them, alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

10. All references to "Defendant" herein shall mean the said Defendant or an employee of the said Defendant.

## IV. FACTUAL ALLEGATIONS

11. That Plaintiff incurred a credit card debt to Chase Bank. This debt will be referred to as "the subject debt."

12. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

13. That Plaintiff thereafter defaulted on the subject debt.

14. That upon information and belief, Defendant Central was employed by Equable Ascent Financial, f/k/a Hilco Receivables, LLC, the current creditor, to collect on the subject debt.

15. That in or about December, 2009, Defendant Central began calling Plaintiff multiple times per week in an attempt to collect on the subject debt.

16. That in or about late December, 2009, Defendant Central representative "Michael Montero" called Plaintiff's home and spoke with Plaintiff. Defendant Central began by offering Plaintiff a settlement but things turned unpleasant when Plaintiff explained that at the moment she was not ready to enter into a settlement agreement. Defendant Central then became very aggressive and told Plaintiff that he was going to mark the account as a "refusal to pay" because Plaintiff was not agreeing to a settlement right then and there.

17. During the same telephone conversation as is reiterated in Paragraph 16, Defendant Central then told Plaintiff that if she didn't settle, Defendant Central would file a judgment against Plaintiff, put a lien on her house, and garnish her wages. Plaintiff kept trying to explain her situation to Defendant but was continually interrupted. Defendant

Central continued to pressure Plaintiff, telling Plaintiff that he could see that she had a lot of credit available to her so she should pay the debt by giving him a post-dated check or by using a credit card to place funds in her bank account. Plaintiff told Defendant Central that she needed to consult with her husband before she would agree to anything. Defendant Central then told Plaintiff that she had until December 31, 2009 to decide because after January 1, 2010, Defendant Central would file a judgment and put a lien on her home.

18. That in early January, 2010, Plaintiff received a letter from Defendant Central with a settlement offer. According to said letter, Plaintiff had until January 15, 2010 to respond to the offer.

19. That on or about January 13, 2010, Plaintiff contacted Defendant Central representative "Michael Montero." Defendant Central informed Plaintiff that a "770" was filed against her on January 7, 2010. Plaintiff inquired what a "770" was and Defendant Central's representative stated it was a preliminary step in an action for a judgment filed with the court, but would be retracted if Plaintiff agreed to a settlement. Defendant Central then stated that this was Plaintiff's last settlement offer, and if she didn't accept she would be "court ordered to go to court." Defendant Central said Plaintiff was "sueable" because she owned a home and had equity in that home, which Defendant Central would obtain. Defendant Central then stated that at that time, Plaintiff's credit score was 705, but if she did not settle it would go down to 425. Defendant Central then told Plaintiff if she agreed to a settlement offer and made a payment, that nothing would be reported to her credit score.

20. That in or about February, 2010, Plaintiff relying on Defendant Central's statement that nothing would be posted to her credit report, agreed to a settlement and sent her first payment in a lump sum.

21. That in or about February, 2010, Plaintiff obtained a copy of her credit report, and found a posting by Defendant AEF, when in fact Defendant Central had stated nothing would be posted on her credit report if she entered into a settlement.

22. That as a result of Defendants' acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

23. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 22 above.

24. The conduct of Defendants as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendants violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(4), 15 U.S.C. §1692e(5) by stating to Plaintiff that if she didn't settle a judgment would be obtained, a lien would be placed on her home, and her wages would be garnished. Defendant Central had neither the intent nor legal authority to take such action and it was a false, deceptive, and misleading representation in connection with the collection of the subject debt.

    B. Defendants violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(9), 15 U.S.C. §1692e(10), and 15 U.S.C. §1692e(13) by stating to Plaintiff that a "770" was filed against her, when no such document exists. Defendants knowingly misrepresented the legal status of the debt, represented documents as authorized/issued/approved by a court of the U.S., and that the documents were in legal process when they were not. Such action by Defendant Central was a false representation and deceptive means to collect a debt.

    C. Defendants violated 15 U.S.C. §1692e and 15 U.S.C. §1692e(8) by stating to Plaintiff that her credit score was 705 but if she didn't pay the subject debt, her credit score would go down to 425. Such conduct by Defendants was a false, deceptive, and misleading representation in connection with collection of the subject debt.

    D. Defendants violated 15 U.S.C. §1692e, and 15 U.S.C. §1692f by stating to Plaintiff that if she entered into a settlement agreement nothing would be posted to her credit score. Despite Plaintiff entering into a settlement agreement, Defendants still posted on her credit score. Such conduct by Defendants was unconscionable, false, deceptive, and misleading in an attempt to collect the subject debt.

25. That Defendant EAF is vicariously liable for all for the tortuous conduct committed by Central as described in this complaint pursuant to the laws of agency and respondeat superior.

26. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendants for:

    (a) Actual damages;

    (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

    (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: February 23, 2010

/s/ Kimberly T. Irving
Kenneth R. Hiller, Esq.
Kimberly T. Irving, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
kirving@kennethhiller.com
